UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

ANDREA WILLIAMS-BAILEY,

Plaintiff,

v.

MAGNOLIA MARKET, LLC., AROMATIC
FILLERS, LLC, and COUTURE BRANDS, LLC,

Defendants.

Case No. 26-cv-10694

Hon. Mark Goldsmith

/

| | |
|---|---|
| ERIC STEMPIEN (P58703)<br>STEMPIEN LAW, PLLC<br>Attorneys for Plaintiff<br>38701 Seven Mile Rd., Suite 445<br>Livonia, MI 48152<br>(734)744-7002<br>eric@stempien.com<br>asst: shawn@stempien.com | WILLIAM S. COOK (P68934)<br>KATHERINE M. BERES (P81014)<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>Attorneys for Defendant<br>17197 N. Laurel Park Drive, Suite 201<br>Livonia, MI  48152<br>(313) 327-3100; Fax: (3131) 327-3101<br>William.cook@wilsonelser.com<br>Kate.beres@wilsonelser.com |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, Andrea Williams-Bailey, by and through her attorneys, Stempien Law,

PLLC, and for her Complaint against the Defendant states the following:

1.  Plaintiff Andrea Williams-Bailey ("Plaintiff") is a resident of the city of Novi,

Oakland County, Michigan.

1

2. Defendant Magnolia Market, LLC ("Magnolia Market"), is a foreign limited liability company that conducts systematic and continuous business in Oakland County, Michigan.

3. Defendant Aromatic Fillers, LLC ("Aromatic Fillers"), is a foreign limited liability company that conducts systematic and continuous business in Oakland County, Michigan.

4. Defendant Couture Brands, LLC ("Couture Brands"), is a foreign limited liability company that conducts systematic and continuous business in Oakland County, Michigan.

5. Jurisdiction is vested in this Court pursuant to 28 USC §1332 because this dispute arises between citizens of different states and the amount in controversy exceeds $75,000.00.

## COMMON ALLEGATIONS

6. On or about October 18, 2024, Plaintiff lit a three-wick Magnolia Library candle lit in her home.

7. The Magnolia Library candle was manufactured, at least in part, by Defendants Aromatic Fillers and Couture Brands.

8. The Magnolia Library candle was manufactured, at least in part, by Defendant Magnolia Market.

9. The Magnolia Library candle was branded and sold by Defendant Magnolia Market.

10. Plaintiff's daughter noticed that the flames in the candle were growing taller, and that it was smoking haphazardly. Plaintiff's daughter attempted to blow out the candle but was unable to extinguish the flame.

11. Plaintiff's daughter moved to the kitchen of the home to get some water to help extinguish the flame, but as she did, the Magnolia Library candle exploded, which resulted in a housefire and hot glass shards being distributed around the house.

12. As a result, Plaintiff sustained severe injuries as well as significant property damage.

13. The Novi Fire Department responded to the house fire and was able to extinguish the flames, but not before Plaintiff suffered smoke inhalation, causing new injuries as well as aggravation of her underlying medical issues.

14. Defendant Magnolia Market was a manufacturer and the seller of the Magnolia Library candle.

15. Defendants were responsible for manufacturing its product so as to eliminate any unreasonable risk of foreseeable injury.

16. Defendant Magnolia Market was responsible for selling its product so as to eliminate any unreasonable risk of foreseeable injury.

17. All Defendants had a duty to manufacture the subject candle as a reasonable manufacturer would have done.

### COUNT I – NEGLIGENCE
### (AS TO ALL DEFENDANTS)

18. Plaintiff hereby incorporates by reference all previous paragraphs in this Complaint as if fully set forth herein.

19. On or about October 18, 2024, Plaintiff sustained injuries and property damage when the subject Magnolia Library candle burned improperly and then exploded in her home.

20. Defendants owed a duty to Plaintiff and to the public in general to properly manufacture its Magnolia Library candle so as to eliminate any unreasonable risk of foreseeable injury.

21. Defendants owed a duty to Plaintiff and to the public in general to manufacture the subject candle as a reasonable manufacturer would have done under the same or similar circumstances.

22. At all relevant times Defendants owed a duty to Plaintiff and to the public in general to:

    a. Properly manufacture its Magnolia Library candle so as to eliminate any unreasonable risk of foreseeable injury; and

    b. Properly test its Magnolia Library candle.

23. Defendants breached these duties by committing or omitting the following acts:

    a. Failing to properly manufacture its Magnolia Library candle.

    b. Failing to properly test its Magnolia Library candle.

24. The product was not reasonably safe when it left the control of each Defendant.

25. When the product left the control of Defendants, a technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

26. These breaches of duty proximately caused the following damages to Plaintiff:

    a. Severe damages to her lungs;

    b. Asthma attacks;

    c. Respiratory distress;

    d. Property damage; and

    e. Emotional distress.

27. As a direct and proximate result of Defendants' negligence, Plaintiff will suffer in the future the following damages:

a. Compensatory and consequential damages for injuries resulting, among other things, from Defendants' numerous breaches of various duties owed to Plaintiff by Defendant in an amount to be determined at trial;

b. Attorney fees and costs as provided by law;

c. Punitive, exemplary and/or extraordinary damages; and

d. Such other relief this Honorable Court may deem just and proper.

28. Additionally, at all relevant times, Defendant Magnolia Market owed a duty to Plaintiff and to the public in general to:

a. Properly sell its products;

b. Purchase its products from reputable manufacturers or properly test the products it sells.

29. The product was not reasonably safe when it left the control of Defendant Magnolia Market.

30. When the product left the control of Defendant Magnolia Market, a technically feasible alternative production practice was available that would have prevented the harm without significantly impairing the usefulness or desirability of the product to users and without creating equal or greater risk of harm to others.

31. Defendant Magnolia Market breached these duties by committing or omitting the following acts:

    a. Failing to properly sell the Magnolia Library candle.

    b. Failing to purchase its products from reputable manufacturers or failing to properly test the products it sells.

32. These breaches of duty proximately caused the following damages to Plaintiff:

    a. Severe damage to her lungs;

    b. Asthma attacks;

    c. Respiratory distress;

    d. Emotional distress and anxiety due to her breathing issues;

    e. Property damage.

33. As a direct and proximate result of the negligence of Defendant, Plaintiff will suffer in the future the following damages:

    a. Compensatory and consequential damages for injuries resulting, among other things, from Defendant's numerous breaches of various duties owed to Plaintiff by Defendant in an amount to be determined at trial;

    b. Attorney fees and costs as provided by law;

    c. Punitive, exemplary and/or extraordinary damages; and

d. Such other relief this Honorable Court may deem just and proper.

## COUNT II – BREACH OF IMPLIED WARRANTY
## (AS TO ALL DEFENDANTS)

34. Plaintiff reincorporates by reference all prior allegations and further states that:

35. On or about October 18, 2024, Plaintiff sustained injuries when the Magnolia Library candle exploded in her home.

36. The Magnolia Library candle was not reasonably fit for the uses or purposes anticipated or reasonably foreseen by Defendants when it left Defendants' control.

37. As a proximate result of the breach of implied warranty by Defendants, Plaintiff was injured as described above.

WHEREFORE, Plaintiff Andrea Williams-Bailey prays that this Honorable Court enter a judgment in her favor against Defendants Magnolia Market, LLC, Aromantic Fillers, LLC, and Couture Brands, LLC, in an amount in excess of Twenty Five Thousand and 00/100 ($25,000.00) Dollars, plus costs, interest and attorney fees as allowed by statute.

## JURY DEMAND

Plaintiff, Andrea Williams-Bailey, by and through her attorneys, Stempien Law, PLLC, demand a trial by jury in the above-entitled action.

8

STEMPIEN LAW, PLLC


*/s/ Eric Stempien*
Eric Stempien (P58703)
Attorneys for Plaintiff

Dated: June 18, 2026